IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Hector M. Carlos and Maria D. Carlos, | ) ) | |
| Plaintiffs, | ) ) | Case No.: 17 C 1341 |
| v. | ) | |
| Beneficial Financial I Inc., et al., | ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Beneficial's motion to dismiss [41] is granted in part and denied in part. The breach of contract and TILA claims are dismissed with prejudice, Plaintiffs are given 14 days to file an amended complaint containing a revised ICFA count as discussed herein, and the motion to dismiss the RESPA count is denied.

## STATEMENT

**Facts**

Plaintiffs allege that on October 23, 2002, they refinanced their mortgage with Beneficial Financial I, Inc. ("Beneficial") by executing a note in the amount of $132,296.53, which was secured by a mortgage on their home. (Am. Compl., Dkt. # 36, ¶¶ 8-9, 16.) According to Plaintiffs, Beneficial charged them interest on a daily, not monthly, basis "in derogation of the loan documents." (*Id*. ¶ 35.) "Under Beneficial's method, interest apparently accrued daily such that if [Plaintiffs] made a payment more than thirty days after the previous payment, they would be charged extra interest in addition to that included in the . . . mortgage payment, even if both payments were timely." (Pls.' Resp., Dkt. # 49, at 2.) In addition, as a result of the way in which Beneficial accounted for Plaintiffs' loan, they "accumulated an interest arrearage of at least $51,958.34, including an unauthorized $41,131.16 'deferred interest' balloon payment." (Am. Compl., Dkt. # 36, ¶ 11.) According to Plaintiffs, the manner in which the loan was calculated and the "additional" charges were explained to them for the first time in summer 2017. (*Id*. ¶¶ 43, 45.)

Throughout 2014, Plaintiffs provided multiple notices of error, requests for information and qualified written requests ("QWR") to Beneficial through their then-attorney due to the confusion as to how much they owed. (*Id*. ¶¶ 58, 62.) Beneficial failed to correct the purported errors or provide the requested information, and instead gave "non-responsive and largely incoherent" answers. (*Id*. ¶ 59.) In or about May 2015, Beneficial accelerated Plaintiffs' loan, calling the entire balance due, including the approximately $41,000.00 "deferred interest balloon payment." (*Id*. ¶ 69.)

Beneficial was responsible for servicing the loan from approximately October 23, 2002 to

June 1, 2015, when it transferred servicing of the loan to defendant Caliber Home Loans, Inc. ("Caliber"). (*Id*. ¶¶ 22, 53.) Beneficial allegedly failed to provide Caliber with Plaintiffs' full payment history as well as the QWRs and requests for information from Plaintiffs to Beneficial. (*Id*. ¶¶ 72-73.) Beneficial assigned the loan to U.S. Bank on or about July 22, 2015. (*Id*. ¶¶ 22-23.) When Beneficial transferred the loan to Caliber and U.S. Bank, it had calculated Plaintiffs' outstanding interest balance to be $51,958.34. (*Id*. ¶ 46.) Caliber and U.S. Bank continued to incorrectly account for Plaintiffs' mortgage debt. (*Id*. ¶ 13.) After a trial modification, U.S. Bank, through Caliber, offered Plaintiffs a permanent modification of their loan. On September 2, 2015, U.S. Bank filed a foreclosure action against Plaintiffs, during which Plaintiffs, through counsel, negotiated and entered into a loan modification that included the $41,131.16 in deferred interest. (*Id*. ¶¶ 120-26, 140.) The foreclosure case has been dismissed.

Beneficial moves to dismiss the claims alleged against it, which include breach of contract, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), violations of the Truth in Lending Act ("TILA"), and violations of the Real Estate Settlement Procedures Act ("RESPA").

**Analysis**

A motion under Rule 12(b)(6) challenges the "sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    A.    <u>Breach of Contract</u>

Beneficial contends that the breach of contract count against it must be dismissed on several grounds, but because the first ground is dispositive, that is the only one the Court will address. It is undisputed that Plaintiffs and U.S. Bank entered into a modification of the original loan entered into between Plaintiffs and Beneficial, and that the modification was accepted by Plaintiffs. (*Id*. ¶ 141 ([Plaintiffs] timely accepted the modification. . . .").) As a result, Plaintiffs can only sue for breach of contract based on the terms of the modified agreement with U.S. Bank. *See Galesburg 67, LLC v. Nw. Television, Inc*., No. 15 C 5650, 2017 WL 3608204, at *4 (N.D. Ill. Aug. 22, 2017) ("When, as here, a contract is modified or amended by a subsequent agreement, 'any lawsuit to enforce the [agreement] must be brought on the modified agreement and not on the original agreement.'") (citation omitted). Thus, Beneficial's motion to dismiss the breach of contract count is granted.

    B.    <u>ICFA</u>

Beneficial also moves to dismiss the ICFA claim against it. Plaintiffs allege that Beneficial engaged in unfair and/or deceptive acts and practices by: (1) incorrectly charging interest daily instead of monthly, resulting in a purported balloon payment and "negative amortizing loan," and leading to allegedly unauthorized loan "restructurings" and modifications; (2) failing to inform Plaintiffs of the interest computation; and (3) "recklessly transferring [Plaintiffs'] loan" to U.S. Bank. (Am. Compl., Dkt. # 36, ¶ 230.) "[T]he elements of a claim under [the] ICFA are 1) a deceptive or unfair act or practice by the defendant; 2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; 3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce; and 4) the defendant's conduct is the proximate cause of plaintiff's injury." *Vangsness v. Deutsche Bank Nat'l Tr. Co.*, No. 12 C 50003, 2013 WL 3031017, at *1 (N.D. Ill. June 17, 2013) (citation omitted).

Beneficial contends that Plaintiffs' claim is time-barred and fails to state a claim. The ICFA contains a three-year statute of limitations. 815 Ill. Comp. Stat. § 505/10e(a). As noted by another court in this district:

> A statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" Generally, an ICFA claim must be brought "within three years of the date the claim accrues." An ICFA claim "accrues when the plaintiff 'knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.'"

*Blankenship v. Pushpin Holdings, LLC*, 157 F. Supp. 3d 788, 792 (N.D. Ill. 2016) (internal citations omitted).

As noted, Plaintiffs allege that Beneficial's method of calculating interest on a daily basis and the resulting "deferred interest balloon payment" constitute violations of the ICFA. However, the fact that interest was being calculated on a daily basis and the deferred interest amount are set forth on second page of the April 2013 mortgage statement attached as Exhibit 5 to Plaintiffs' amended complaint. (Am. Compl., Dkt. # 36, Ex. 5.) Thus, Plaintiffs' amended complaint demonstrates that Plaintiffs knew or should have known of the manner in which interest was being calculated and the deferred interest payment amount at least as of April 2013, but they did not file their complaint until February 2017, over three years later. Plaintiffs contend that the manner in which the deferred interest payment was reflected on the second page of the mortgage statement caused the charge to be "inaccurate and opaque." (Pls.' Resp., Dkt. # 49, at 11.) Even assuming arguendo that Plaintiffs are correct, they expressly allege that as of at least May 2013, in what appears to be a new and revised format for loan statements issued by Beneficial, the deferred interest amount is set forth on the first page of the mortgage statement directly under the heading "Balances Owed," which included amounts for Principal Balance, Advances, and Deferred Interest. (Am. Compl., Dkt. # 36, ¶ 194; *id.*, Ex. 6.) Thus, to the extent that Plaintiffs' ICFA claim is based on the deferred interest payment, it is time barred.

Plaintiffs also allege that Beneficial "restructured" and modified their loan numerous

3

times between 2004 and 2013 without their knowledge or consent. (*Id*. ¶¶ 191-92.) According to the amended complaint, "[t]he restructurings are distinct from the interest deferrals as Beneficial's payment history shows the deferred interest balloon to generally be larger than [the] sum total of the restructurings." (*Id*. ¶ 193.) Beneficial contends that the deferred interest payment underpins the "restructurings," and therefore, because Plaintiffs knew about the deferred interest, they should have known about the "restructurings." However, it is entirely unclear from the allegations of the complaint what the "restructurings" are, and how, if at all, these affected the amount due from Plaintiffs. Accordingly, the Court cannot properly address any of Beneficial's arguments with respect to this aspect of the ICFA claim. The Court directs Plaintiffs to file an amended complaint clarifying the term and its purported impact on the amount owed by Plaintiffs.

The Court notes that the parties do not discuss the aspect of the ICFA claim that Beneficial "recklessly transferred" the loan. Plaintiffs are directed to provide additional factual support in their amended ICFA claim for this allegation of "reckless transfer," and should be prepared to respond at the appropriate time, with citation to authority, that "reckless transfer," whatever that means, is a proper basis for an ICFA claim. Plaintiffs are further admonished that to the extent any of the numerous bases for their ICFA claim against Beneficial are based on alleged fraudulent or deceptive conduct, such allegations must be pled with specificity. *Overstreet v. CIT Mortg. Home Loan Tr. 2007-1*, No. 15 C 11709, 2017 WL 1022079, at *3 (N.D. Ill. Mar. 16, 2017) ("An ICFA claim based on deceptive conduct must satisfy the particularity requirements of Rule 9(b)," which requires that "the circumstances [of the alleged misrepresentation] . . . be pleaded in detail.") (internal quotation marks and citation omitted).

### C. RESPA

Plaintiffs allege that Beneficial violated RESPA by failing to adequately provide information about loan servicing matters; correct or otherwise explain purported errors as alleged by Plaintiffs; implement proper policies such that it failed to transfer essential information about Plaintiffs' loan to Caliber; and provide Plaintiffs with their complete servicing file. (Am. Compl., Dkt. # 36, ¶ 267.)

With respect to the allegation that Beneficial failed to adequately respond to Plaintiffs' QWRs, both parties raise several issues of fact that are not properly decided on a motion to dismiss. Thus, this basis for the dismissal of this claim is denied. Beneficial's assertion that Plaintiffs have failed to allege damages is also unavailing given Plaintiffs' allegation that they suffered emotional distress, and the contention in their response brief that they had to pay an attorney to send subsequent QWRs after Beneficial failed to properly respond to the first one. *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011) ("[E]motional distress damages are available as actual damages under RESPA.") Construing Plaintiffs' allegations in a light most favorable to them, as the Court must do on a motion to dismiss, the Court finds that Plaintiffs have sufficiently pled damages resulting from the alleged violations of RESPA; accordingly, the motion to dismiss the RESPA claim is denied.

4

D.  TILA and Regulation Z

Under the relevant TILA federal regulations, known as Regulation Z, "[a] servicer of a [mortgage] transaction . . . shall provide the consumer, for each billing cycle, a periodic statement meeting the requirements of paragraphs (b), (c), and (d) of this section." 12 C.F.R. § 1026.41(a)(2). Subsection (c) requires that the servicer "make the disclosures required by this section clearly and conspicuously in writing, or electronically if the consumer agrees, and in a form that the consumer may keep . . . ." *Id*. § 1026.41(c). Further, subsection (d) sets forth requirements for the content and layout of the statements. *Id*. § 1026.41(d). Plaintiffs allege that the statements provided by Beneficial violated these regulations.

TILA generally provides for a one-year statute of limitations, stating that "[e]xcept as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ." 15 U.S.C § 1640(e). Plaintiffs allege that Beneficial transferred servicing of the loan to Caliber in May 2015. Therefore, Plaintiffs' claims based the form and content of Beneficial's statements are time barred because Plaintiffs did not file suit until February 2017, over one year after Beneficial stopped servicing the loan.

Plaintiffs argue that they are bringing their claim under 15 U.S.C. § 1639b, one of the exceptions referred to in § 1640(e), for which there is a three-year limitations period. *See id.* ("Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation."). However, as Beneficial properly notes, § 1639b deals with loan origination, not the form and content of the periodic statements to be sent by mortgage loan servicers, which is covered by Regulation Z, and "like most of TILA, is governed by a one-year statute of limitations." *Prescott v. PHH Mortg. Corp.*, No. 16 C 288, 2017 WL 510449, at *4 (E.D. Va. Feb. 7, 2017).

Accordingly, Beneficial's motion to dismiss the TILA claim is granted.

**Conclusion**

For the reasons stated above, the motion to dismiss is granted in part and denied in part. The breach of contract and TILA claims are dismissed with prejudice, Plaintiffs are given 14

days to file an amended complaint containing a revised ICFA count as discussed herein, and the motion to dismiss the RESPA count is denied.

**Date**: November 21, 2017

_____
**Ronald A. Guzmán**
**United States District Judge**